PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | ) | |
|---|---|---|
| JANTZ CLINKSCALE, | ) | CASE NO. 4:25-CV-02092 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CITY OF YOUNGSTOWN, OHIO, *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 7, 9, 10, 11, 13] |
| | ) | |

The Court considers five motions filed by *pro se* Plaintiff Jantz Clinkscale: (1) a Motion for Leave to File a Third Amended Complaint (ECF No. 7); (2) a Motion for Leave to File a First Amended Supplemental Filing (ECF No. 9); (3) a Motion for Immediate Ruling (ECF No. 10); (4) a Motion for Leave to File a Supplemental Pleading (ECF No. 11); and (5) a Motion for Ruling (ECF No. 13). All five motions are denied as moot.

## I. BACKGROUND

Plaintiff filed a federal complaint against Defendants City of Youngstown, Charles Shasho, Kelly Morchak, Nikki Posterli, and John Doe on October 1, 2025. *See* ECF No. 1. He filed a "first amended complaint" the very next day, and a "second amended complaint" just one day later. *See* ECF Nos. 3, 4. On closer review, those filings are not true amendments, but supplementations: the first seeks only to add one exhibit and modify another, while the second merely proposes the standard of review. *See* ECF Nos. 3, 4. Defendants promptly and timely answered. *See* ECF No. 5. Since then, Plaintiff has filed, *inter alia*, one motion for leave to file a third amended complaint (ECF No. 7), two motions for leave to supplement (ECF Nos. 9, 11)

(4:25-CV-02092)

and two motions for an immediate ruling (ECF Nos. 10, 13).  Taken together, he appears to seek permission to add allegations and defendants to his original complaint.  *See,* ECF No. 11.

## II.  Discussion

### A.  Law

In *pro se* litigation, a district court must balance the difficulties faced by an unrepresented plaintiff against the defendant's right to just and speedy resolution.  *See August v. Caruso,* 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015).  The Federal Rules of Civil Procedure allow litigants to freely amend their pleadings once, as a matter of course, within twenty-one days of service.  *See* Fed. R. Civ. P 15(a)(1)(A).  In all other cases, amendment is permitted only with opposing consent or leave of court.  *See* Fed. R. Civ. P. 15(a)(2).  As to supplementation, Fed. R. Civ. P. 15(d) allows a district court to permit a litigant—when moved and with reasonable notice—to serve a supplemental pleading setting out transactions, occurrences, or events arising after the date of the original pleading.  While parties proceeding *pro se* are afforded leeway and lenient construction, such leniency has its limits.  *See Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996).  The absence of legal counsel does not excuse noncompliance with the Federal and Local Rules.  *See Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887, at *8 (E.D. Tenn. July 30, 2008); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow [them].").

### 2. Analysis

To date, Plaintiff has filed nine purported amendments, supplements, and requests for immediate attention.  *See* ECF Nos. 3, 4, 6, 7, 8, 9, 10, 11, 13.  Neither the Court nor the Defendants herein are obligated to comb through Plaintiff's voluminous entries to garner clear

2

(4:25-CV-02092)

and succinct statements for each cause of action.  It is Plaintiff's responsibility to organize his claims and allegations within a single, cogent document worthy of adjudication in federal court. See *Laster v. Pramstaller*, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (citing *Windsor v. Colorado Dep't of Corr.,* 9 Fed. Appx. 967, 968 (10th Cir. 2001); *Hollon v. Eastern Ky. Corr. Complex*, 2010 WL 2924091, at *2 (E.D. Ky. July 22, 2010).  Plaintiff has failed to comply with that requirement, thereby forestalling his desired resolution.

### III.  CONCLUSION

Plaintiff shall file a single amended complaint not later than 14 days from the date of this Order.  That amended complaint shall include all factual allegations, legal claims, parties, and exhibits that Plaintiff would like considered, while complying with Fed. R. Civ. P. 8's requirement for shortness, plainness, and conciseness.  If filed and accepted, that amended complaint will supersede all previous complaints and requests for supplementation in this case, and Plaintiff shall serve the amended complaint as required by Fed. R. Civ. P. 4(m).  If served, Defendants shall timely respond under Fed. R. Civ.12(a)(1).

Because Plaintiff has had ample time to consider his case, the Court will not consider any material excluded from the amended complaint.  And Plaintiff is forbidden to file any further supplements, amendments, motions for leave seeking the same, or requests for immediate ruling, without extraordinary cause to do so.  Failure to comply with the letter and spirit of this Order may result in the dismissal of this case with prejudice.

Accordingly, Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 7), Motion for Leave to File First Amended Supplemental Filing (ECF No. 9), Motion for Immediate Ruling (ECF No. 10), Motion for Leave to File Supplemental Pleading (ECF No. 11), and Motion for Ruling (ECF No. 13) are denied as moot.

3

(4:25-CV-02092)


IT IS SO ORDERED.


| January 6, 2026 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

4